**ALLENTOWN BROADCASTING COR-
PORATION, Appellant,**

v.

**FEDERAL COMMUNICATIONS COM-
MISSION, Appellee,
WKAP, Inc., Intervenor.**

No. 11957.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 10, 1955.

Decided Dec. 16, 1955.

Petition for Rehearing In Banc Denied
Jan. 23, 1956.

Writ of Certiorari Denied
April 9, 1956.

See 76 S.Ct. 659.

Mr. Donald C. Beelar, Washington, D.
C., with whom Messrs. Charles R. Cutler

and Herbert J. Miller, Jr., Washington, D. C., were on the brief, for appellant. Mr. Reed T. Rollo, Washington, D. C., entered an appearance for appellant.

Mr. Richard A. Solomon, Asst. Gen. Counsel, Federal Communications Commission, with whom Miss Mary Jane Morris, Counsel, Federal Communications Commission, was on the brief, for appellee. Mr. J. Roger Wollenberg, Asst. Gen. Counsel, Federal Communications Commission, at time brief was filed, was also on the brief for appellee. Messrs. Warren E. Baker, Gen. Counsel, J. Smith Henley, Asst. Gen. Counsel, and Daniel R. Ohlbaum, Counsel, also entered appearances for appellee.

Mr. Stephen Tuhy, Jr., Washington, D. C., for intervenor, WKAP, Inc.

Before PRETTYMAN, WILBUR K. MILLER, and BAZELON, Circuit Judges.

PER CURIAM.

This case has been here twice.[1] Between appeals the Commission entered upon a second hearing, made long findings, and rendered an extensive opinion. The ruling of this court upon the second appeal was reversed by the Supreme Court[2] and the case remanded here for proceedings not inconsistent with that Court's opinion. We have reviewed the matter and heard oral argument. We find no substantial error on the part of the Commission in the features of the case remaining open to our consideration.

Affirmed.

BAZELON, Circuit Judge (dissenting).

The contest is between mutually exclusive applicants for radio station construction permits, appellant proposing to serve the community of Allentown, Pennsylvania, and the intervenor the

1. Easton Pub. Co. v. Federal Communications Comm., 85 U.S.App.D.C. 33, 175 F.2d 344 (D.C.Cir.1949); Allentown Broadcasting Corp. v. Federal Communications Comm., 94 U.S.App.D.C. 353, 222 F.2d 781 (D.C.Cir.1954).

2. Federal Communications Comm. v. Allentown Broadcasting Corp., 349 U.S. 358, 75 S.Ct. 855, (1955).

community of Easton, Pennsylvania. The Federal Communications Commission decided that Easton's need for a new station is greater than Allentown's and that the intervenor can better serve that need than the appellant. When the cause was last here, we reversed the Commission's decision. The cause reaches us again on remand from the Supreme Court, which reversed our decision but did not order reinstatement of the Commission's decision. I do not read the Supreme Court's opinion to leave us with only the ministerial duty of reinstating the Commission's decision.

Nor does the Commission itself so read it. The Commission agrees that the Supreme Court's mandate requires us now to consider whether the Commission has properly weighed the various factors which determine whether a grant to a particular applicant would serve the public interest.

In our decision [94 U.S.App.D.C. 353, 222 F.2d 784], now reversed by the Supreme Court, we had held, *inter alia*, (a) that the "choice of local service" principle can be applied by the Commission only where the respective abilities of the applicants are about equal, and (b) that a hearing examiner's findings based on demeanor of witnesses are reversible by the Commission only upon a very substantial preponderance of the evidence. The Supreme Court held us in error as to both of these points and remanded the cause to us "for reconsideration of the record but freed from rulings declared erroneous in [its] opinion." Our assigned task now is to review the record and to decide whether the Commission's decision is consonant with law.

The Supreme Court agrees with the Commission that, in a case like this one, the question of comparative ability of the applicants arises only after it is determined which community has the

greater need. In addition, the Court found substantial evidence in the record to support the Commission's determinations that Easton has the greater need and that the intervenor is the only applicant proposing to serve that need. If the latter findings were dispositive, the Court would not have remanded the case to us "for reconsideration of the record but freed from rulings declared erroneous in [its] opinion." That mandate necessarily implies that, even though intervenor is the only applicant proposing to serve the Easton community, it may not automatically receive the grant.[1]

The Commission's decision awarding the grant to intervenor may not stand if made without consideration of a factor significant to the public interest.[2] The Commission found the intervenor to be the publisher of the only newspaper in its community, the permittee of the only television station and the licensee of one of two FM radio stations. I have examined the Commission's decision with care, but find nothing to show that it gave any consideration to the question whether the public interest would be served by increasing the intervenor's near monopoly of communications media and its large portion of the public broadcast domain in its community.

The Commission admits that this issue was squarely presented to it by the appellant. Yet, in its conclusions, the Commission disregarded this issue and confined itself to the questions whether management of the intervenor's radio station and newspaper would be "substantially separate" and whether, in the past, the intervenor had used its near monopoly in a manner contrary to the public interest. Despite considerable evidence that the intervenor had taken advantage of its powerful position to the detriment of the only existing standard broadcast station in Easton, the Commission concluded there was "some indication of a lack of intention to freeze out" that sta-

1. See Clarksburg Publishing Co. v. Federal Communications Comm., 1955, 96 U.S.App.D.C. 211, 222–223, 225 F.2d 511, 522–523.

2. See Democrat Printing Co. v. Federal Communications Comm., 1952, 91 U.S. App.D.C. 72, 202 F.2d 298.

tion. And despite testimony that intervenor looked upon a radio station as "a very, very valuable complement to our newspaper activities" and that intervenor's newspaper management handled "accounting and everything like that" for the FM station, the Commission found that the operation of intervenor's newspaper and radio interests "is and will be substantially separate."

Even assuming these conclusions are supported by the evidence, what is here significant is the absence of a more important conclusion relating to the effect upon the public interest of a grant which necessarily increases intervenor's extensive interest in communications media in Easton. The policy of competition which the Communications Act expressly favors[3] is designed to avoid concentration of control of the valuable electronic public domain. Diversification assures the public of more than a " 'single or monopolistic source for its information about current affairs,' " and is "an important component of the public interest." Clarksburg Publishing Co. v. Federal Communications Comm., 96 U.S. App.D.C. at page 218, 225 F.2d at page 518. Since concentration is a potential evil, protection of the public interest is not assured merely because an applicant has not yet exploited its monopoly position and promises not to exploit its enhanced monopoly.

Ownership of one station does not necessarily preclude grant of another, for Congress has not made it an automatic disqualification. But ownership of multiple facilities must be carefully weighed by the Commission before it makes a grant. There may be circumstances in which the Commission could find that factor decisive in denying a grant, even if the result is postponement of service to the community.[4] On the other hand, there may be circumstances in which need for the proposed service is so compelling that the Commission could find it

outweighs the factor of multiple ownership. But if that is the basis for the grant, the Commission is, of course, required to say so.

The Commission's function is to weigh all the competing considerations pertinent to the public interest, and the balance it strikes, unless it is arbitrary, may not be disturbed on appeal. The fault I find is that the Commission has neglected to perform its function.

---

3. Federal Communications Comm. v. Sanders Bros. Radio Station, 1940, 309 U.S. 470, 474, 642, 60 S.Ct. 693, 84 L.Ed. 869, 1037.

4. Clarksburg Publishing Co. v. Federal Communications Comm., 96 U.S.App.D.C. at pages 222–223, 225 F.2d at pages 522–523.